HERMITAGE SPECIAL SCHOOL DISTRICT *v.* INGALLS SPECIAL SCHOOL DISTRICT.

Opinion delivered March 18, 1918.

STATUTES—AMENDMENT—CONSTITUTIONAL LIMITATION—RULE—SCHOOL DISTRICTS.—The Act of 1907, p. 962, organized a certain school district, and Act 341, Laws of 1917, undertook to add certain lands thereto. *Held,* the latter act was valid. Where the new statute is complete in its face and sufficiently definite, so that its meaning can be ascertained without the necessity of examining the prior statute on the subject to ascertain the effect of the amendment, then it does not violate the provision of the Constitution.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; reversed.

*D. A. Bradham,* for appellants.

The act does not violate article 5, section 22 of the Constitution. It is not unconstitutional. 120 Ark. 165; 125 *Id.* 165; 49 *Id.* 131; 61 *Id.* 625; 76 *Id.* 197; 100 *Id.* 178; 75 *Id.* 125.

*B. L. Herring,* for appellees.

The act is unconstitutional and void. Article 5, section 22, Constitution. 89 Ark. 598; 109 *Id.* 556; 13 Mich. 481.

McCULLOCH, C. J. A school district designated as Hermitage Special School District was created by an act of the General Assembly of 1907 of territory embraced in a certain common school district in Bradley county. Acts of 1907, page 962. Section 1 of the statute merely provided that ''all the territory now embraced in school district No. 12 in Bradley County, Arkansas, be and the same is hereby organized into a special school district to be known and designated as Hermitage Special School District.'' There were other sections of the statute conferring certain powers on the special school district thus created. The General Assembly of 1917 by the enactment of another statute (Act No. 341) undertook to add certain other adjoining territory to Hermitage Special School District. The change purports to be in the form of an amendment to the first section of the original statute creating the district, and reads as follows:

''Section 1. That Section 1 of Act No. 382 of the acts of 1907 of the General Assembly of the State of Arkansas, approved May 23, 1907, be amended to include the following sections adjacent to the district formed therein known as the Hermitage Special School District:

''All of section nineteen (19) and twenty-one (21), township 14 south, range 10 west; all of sections eight (8) nine (9), and eighteen (18) in township 15 south,

range 10 west, all of section thirteen (13) twenty-four
(24), township 14 south, range 11 west; all of section one
(1), twelve (12) and thirteen (13) in township fifteen
(15), range eleven (11) west; all in Bradley county,
Arkansas.''

Other school districts in the county instituted this
action to compel the revenue officers of Bradley County
to apportion to the old school district the taxes on prop-
erty which the Legislature attempted to add to the Her-
mitage Special School District. This suit is based on the
contention that the statute violates section 22, article 5
of the Constitution, which reads as follows:

''No law shall be revived, amended, or the provisions
thereof extended or conferred by reference to its title
only; but so much thereof as is revived, amended, ex-
tended or conferred shall be re-enacted and published at
length.''

The learned trial judge accepted the view that the
statute violated this provision of the Constitution and
granted the relief sought for in the complaint.

The contention is that the form of this statute brings
it within the reasoning of Judge Cooley in the case of
*People* v. *Mahaney,* 13 Mich. 481, where he said: ''An
amendatory act which purported only to insert certain
words, or to substitute one phrase for another, in an
act or section which was only referred to, but not pub-
lished, was well calculated to mislead the careless as to
its effect, and was perhaps, sometimes drawn in that
form for that express purpose.''

We do not think that the statute in question falls
within the class referred to by Judge Cooley. It will be
observed that the provision of the Constitution condemns
statutes which attempt to revive, amend or extend other
statutes by reference to title only, and if the intention
of the law-makers can be discovered from the face of the
new statute without resort to the title of the old stat-
ute, then it does not fall within the condemnation. In
other words, where the new statute is complete on its face
and sufficiently definite, so that the meaning of the statute

can be ascertained "without the necessity of examining the prior statute on the subject to ascertain the effect of the amendment" then it does not violate the provision of the Constitution. *State* v. *McKinley,* 120 Ark. 165. The Legislature undoubtedly has the power to add adjoining territory to an existing school district, and such was the obvious intention in this instance. If that intention appeared on the face of the statute itself without resort to the title to the act referred to, then it is a valid statute. An analysis of the language used shows that Hermitage Special School District had been formed by the prior statute referred to, and that certain lands, which are fully described in the new statute, lie adjacent to the district, and the legislative purpose to incorporate them into the old district is definitely declared. All this appears from the face of the statute itself without resort to the old statute, or to its title. What more could have been said to make the legislative intention clearer? The language of the Constitution does not compel us to reject a statute because of its form unless it falls clearly within the constitutional inhibition. Mere form of expression should be disregarded in searching for the legislative intention. *State ex rel.* v. *Trulock,* 109 Ark. 556.

Applying this well established rule, we hold that the new statute clearly shows on its face the intention to add new territory to a certain existing school district, and that the form of the statute does not offend against the Constitution. The judgment is, therefore, reversed and the cause remanded with directions to dismiss the complaint.