GRAY v. BRITTAIN.

Opinion delivered January 19, 1920.

1. STATUTES—EXTENSION BY REFERENCE TO TITLE.—Acts 1917, page 1708, section 3, adding the territory embraced in a certain tick eradication district to another tick eradication district, does not violate Constitution, article 5, section 23, prohibiting the Legislature from extending the provisions of a statute by reference to its title only.

2. STATUTES—EXTENSION BY REFERENCE TO TITLE.—That a statute transferring the territory of one tick eradication district to another referred to a prior statute to identify the territory transferred does not constitute an extension by reference to the title of such statute.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*J. Walker Morrow* and *Henry G. Gatling,* for appellants.

Section 1 of act 91, Acts 1915, is unconstitutional and void, as it violates section 23, article 5, of the Constitution. It is an attempt to extend the provisions of the act by referring to the numbers of the section and act without re-enacting them. 52 Ark. 290; 49 *Id.* 131; 29 *Id.* 252; 13 Mich. 481; 200 S. W. 275.

McCULLOCH, C. J. The sole question involved on this case relates to the validity of the act of the General Assembly of 1917 (Acts 1917, vol. 2, p. 1708), abolishing the Northeast Arkansas Cattle Tick Eradication District and attaching the territory in that district to the Northwest Arkansas Tick Eradication District. The Northeast Arkansas Cattle Tick Eradication District was created by an act of the General Assembly of 1911, approved May 30, 1911, Act No. 358, Session of 1911. The district, as originally created, did not include Lee County and certain other counties in that locality, but there was an amendment by act of March 3, 1915, enlarging the boundaries of the Northeast Arkansas Cattle Tick Eradication District so as to include other counties, Lee County being among the number. There is no assault on the validity of that statute, which it is conceded was repealed by the act of March 24, 1917, *supra.*

The Northwest Arkansas Tick Eradication District was created by the act approved March 1, 1915, and the boundaries are described in the statute. Acts 1915, p. 338. Sections 1 and 2 of the act of March 24, 1917, expressly repeal the act of 1911, *supra,* creating the Northeast Arkansas Cattle Tick Eradication District, and the act of 1915, *supra,* adding territory thereto. Section 3 reads as follows:

"That all territory now embraced in the Northeast Arkansas Cattle Tick Eradication District is hereby annexed to and made a part of the Northwest Arkansas Tick Eradication District."

The basis of the attack on the validity of the statute is that section 3 was an attempt to extend the provisions

of a former statute by reference to title only in contravention of section 23 of article 5 of the Constitution, which reads as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

The contention is unsound for the reason that the statute adding the territory embraced in the abolished district to the other district mentioned does not constitute an extension of a law by reference to title only. New territory may be added to any kind of special district by appropriate description of the territory without re-enacting the provisions of the law applicable to the area thus added. Where the statute merely adds new territory, the addition in that form does not constitute an extension of the law merely by reference to title. *Hermitage Special School District* v. *Ingalls Special School District,* 133 Ark. 157. Nor does the reference to the old statute creating the Northeast Arkansas Cattle Tick Eradication District for the purpose of describing the territory to be added to the other district constitute an extension of a law by reference to the title of a statute. The boundaries of the Northeast Arkansas Cattle Tick Eradication District were set forth in the statute creating that district and the territory embraced therein could be appropriately and sufficiently described by reference to that statute, as well as by reference to any other known record for the purpose of identifying the territory in dealing with it in a new legislative enactment. The fact that the method of description adopted is a reference to another public statute does not constitute, as before stated, an extension of a law by reference to the title of the statute. The result is the same as if the area were described as a certain county, or counties or a certain school district. The fact that those areas are created by a statute does not lessen the complete identity for descriptive purposes under their designated names.

The chancery court was correct in refusing to sustain the attack on the validity of the statute, and the decree is affirmed.