JOHNSON *v.* PINKLEY.

Opinion delivered January 26, 1920.

1. STATUTES—EXTENSION BY REFERENCE TO TITLE.—Constitution, article 5, section 23, providing that no law shall be revived, amended or its provisions extended by reference to its title only, has no application to repeals of statutes, wholly or in part.

2. STATUTES—EXEMPTING TOWNSHIP FROM STOCK LAW.—General Acts 1919, page 390, exempting a certain township from a stock law district created by a prior act *held* not violative of Constitution, article 5, section 23, as an amendment of the stock law by reference to title only.

3. ANIMALS—EXEMPTING TOWNSHIP FROM STOCK LAW.—Acts 1919, page 390, exempting a certain township from a previously created stock district *held* not unconstitutional as attempting to grant to a class of citizens privileges and immunities not accorded to others; the exemption in favor of "qualified electors and citizens" residing in the township being surplusage, as the entire township is removed without the district.

4. ANIMALS — TOWNSHIP EXEMPTED FROM STOCK DISTRICT BY SPE-
   CIAL ACT.—Where .a stock district was formed by vote of the
   electors pursuant to a statute, the Legislature may exempt one
   of the townships of the district therefrom by a subsequent spe-
   cial act.

Appeal from Carroll Chancery Court, Western Dis-
trict; *B. F. McMahan,* Chancellor; reversed.

*C. A. Fuller,* for appellants.

The court erred in failing to sustain the demurrer
to subdivision B. C and D of paragraph 5 and act No.
517, Acts 1919, is not unconstitutional for the reasons
set forth in said subdivisions of paragraph 5. The act in
no way violates article 5, section 23, of our Constitution,
as it does not attempt to revive, amend or extend the pro-
visions of any former law. .It is more of a repeal of a
formeer law enacted in 1915 and known as Act 156, and
does not violate the Constitution. . 133 Ark. 157. It is
easy to ascertain that the act is complete on its face and
sufficiently shows what the Legislature intended. It
shows that it attempted to exempt Winona Township from
the stock law of 1915 and seeks to repeal the former act
thus far. 133 Ark. 157; 109 *Id.* 556. See also 13 Mich.
481; 120 Ark. 169; 47 *Id.* 481; 49 *Id.* 134. Neither of the
subdivisions of paragraph 5 state a cause of action, and
there was error in failing to sustain the demurrer as to
subdivisions B, C and D of paragraph 5.

*Andrew J. Russell,* for appellees.

The only question raised is the constitutionality of
Act 517 of Acts 1919. The act violates the constitutional
provision. Article 5, section 23. The lower court prop-
erly upheld the provisions of paragraph 5 and it had ju-
risdiction. 84 Ark. 170; Cooley, Const. Law; p. 391; 18
Cyc., p. 1368.

McCULLOCH, C. J. The General Assembly of 1915
enacted a statute, approved March 19, 1915 (Acts 1915,
p. 676), which provided for stock-law districts to be
.formed upon vote of the qualified electors of three or
more townships in any county. The statute provided

that an election shall be ordered by the county court upon petition of twenty-five per centum of the qualified electors of three or more townships, and that if a majority of the electors in all of the area mentioned in the petition shall vote in favor of the adoption of the statute the district shall be formed.

A stock-law district was duly formed in Carroll County, composed of ten townships, Wynona Township being one of the number. This was done prior to the regular session of the General Assembly of 1919, at which session a special statute was enacted as follows, (omitting the title and the enacting clause, and the emergency clause):

"Hereafter Wynona Township in Carroll County, Arkansas, and the qualified electors and citizens residing therein, are hereby declared exempt from the provisions and effects of the act of 1915 of the General Assembly of the State of Arkansas, approved March 19, 1915, and adopted in said townships, prohibiting or restraining horses, mules, asses, cattle, goats, sheep and swine from running at large in said township." Act No. 517, Gen. Acts 1919, p. 390.

Appellant and other inhabitants of Wynona Township, treating the special statute as being valid, and as releasing them from the operation of the stock law regulations, proceeded to permit their stock to run at large, and appellees instituted this action in the chancery court of Carroll County to restrain the running at large of stock in Wynona Township.

The contention of appellees was that the special statute exempting Wynona Township was void on numerous grounds. The chancery court sustained the attack on three grounds and rendered a decree enjoining appellants from permitting their stock to run at large. There is no question raised as to the jurisdiction of the chancery court.

One of the grounds on which the court sustained the attack on the validity of the statute is that it is in con-

flict with section 23, article 5 of the Constitution, which reads as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

It will be observed that the constitutional inhibition is not directed against the repeal of statutes, either wholly or in part. *Vance* v. *Austell,* 45 Ark. 400; *White River Lumber Co.* v. *White River Drainage District, ante,* p. 196. Its sole operation is against reviving or amending a law or extending or conferring the provisions of a law by reference to title only. The statute now under consideration is plainly not one to revive a law or to extend its provisions. If it comes within the inhibition of the Constitution, it must be as an amendment to the former statute. It does, in fact, operate as an amendment of the act of 1915, *supra,* by exempting Wynona Township from the operation of the former statute, but we do not think that it constitutes an attempt to do so merely by reference to the title of the former statute. The title to the old statute is not in fact mentioned in the amendatory statute at all, which refers to the old statute merely by reference to the date of approval, and does not refer to its title for identification. If that was all to be found in the new statute, we would readily declare it to be too vague for identification, but the amendatory statute goes further and refers to the exemption as one to apply to the act of March 19, 1915, "adopted in said township, prohibiting or restraining horses, mules, asses, cattle, goats, sheep and swine from running at large in said township." Now, this language makes the exemption refer not to the title of the former statute, but to an area definitely described as Wynona Township wherein a statute had been adopted "prohibiting or restraining horses, mules, asses, cattle, goats, sheep or swine from running at large in said township." The adoption of this statute in Wynona Township is a matter of public

notoriety, and the reference to it is sufficient to identify the particular thing from which the township is to be exempted. That mode of identification being sufficient, it is unnecessary to resort to the title of the statute for that purpose, and, inasmuch as the identification does not depend upon the reference to the title of the act, it does not come within the inhibition of the Constitution.

The case is ruled, we think, by the decision of this court in *Hermitage Special School District* v. *Ingalls Special School District,* 133 Ark. 157, and it does not fall within the rule announced in *Rider* v. *State,* 132 Ark. 27, where the terms of a statute were amended or extended merely by reference to title.

The next contention on which the lower court based its decision in sustaining the attack on the validity of the statute is that the exemption in favor of "qualified electors and citizens residing" in Wynona Township constituted an attempt to grant to a class of citizens certain privileges or immunities which were not accorded to others. In other words, the contention is that the statute is void because it grants the exemption merely to electors and citizens, and not to others who may reside there or rightfully have property interests there. This attack is unfounded for the reason that the exemption applies to the area mentioned, that is to say to Wynona Township, and takes it out of the operation of the stock law; therefore, the employment of the succeeding term "and the qualified electors and citizens residing therein" is a matter of surplusage. Since the whole area is excluded, there remains no prohibition against the running at large of stock in that territory, and the exemption inures to the benefit of everybody.

The court also sustained the attack on the ground that it is not within the power of the Legislature to dismember a district created under a valid statute by vote of the electors in accordance with the terms of the statute. The answer to this is that the statute, when put into operation, is a police regulation and is entirely subject to legislative control. The organization of the dis-

trict is dependent upon the legislative will, and it is entirely within the power of the lawmakers to either repeal or amend the statute, or to abolish the district, or to exclude any territory from it. In other words, the power of the Legislature over the subject is supreme, there being no vested right in a mere police regulation.

Our conclusion, therefore, upon the whole case is that the chancellor erred in declaring the statute to be void. The decree is reversed, and the cause remanded with directions to dismiss the complaint for want of equity.