SCHOOL DISTRICT NUMBER 54 *v.* GARRISON.

Opinion delivered May 3, 1909.

1. OFFICES—ABANDONMENT.—Before a school director's removal from his district will constitute an abandonment of his office, it is necessary that the removal shall be of such continuance as to make it permanent and under circumstances so clearly indicating absolute relinquishment as to preclude all future questions of fact; otherwise there must be a judicial determination of the vacancy before it can be declared. (Page 337.)

2. SAME—ABANDONMENT.—The fact that a school director moved away from his district temporarily and during such removal made no effort to exercise the functions of his office does not establish that he had abandoned the office, in the absence of proof of any intention on his part to abandon or relinquish the office. (Page 338.)

3. SCHOOL DISTRICTS—LEGALITY OF SPECIAL MEETING.—A contract for the employment of a teacher, made at a special meeting by two school directors in the absence of the third director and without notice to him, is invalid and not binding upon the school district. (Page 339.)

4. SAME—POWER TO CONTRACT.—Where there are only two directors of a school district, they are authorized to make a valid contract for the district. (Page 339.)

5. SAME—DE FACTO DIRECTOR—AUTHORITY.—A *de facto* school director is authorized to execute contracts with third persons which are binding on the school district. (Page 339.)    ,

6. SAME—POWER TO CONTRACT.—School directors may enter into a contract for the employment of a teacher which shall begin in the future and after the expiration of the term of some of the directors. (Page 339.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

*J. W. Bishop,* for appellant.

Temporary removal, as applied to leaving a homestead, means a removal for a fixed and temporary purpose, or for a temporary reason. 62 N. W. 426; 89 Wis. 558; 90 Wis. 362. A vacant office is an office without an incumbent, and an old office is vacated by death, resignation or removal. 18 S. W. 784; 108 Mo. 153; 48 Ark. 82. Notice of called meetings must be given in writing to each member of the board, and must state the time, place, and purpose of the meeting. 64 Ark. 489; 69 *Id.* 159.

*W. P. Feazel,* for appellee.

Appellant's failure to bring out in his abstract the errors complained of in his motion for a new trial should be taken as a waiver of them. 84 Ark. 555; 75 *Id.* 571. A contract made by two directors, if there are only two, is valid. 73 Ark. 197.

FRAUENTHAL, J. On March 16, 1907, R. H. Waggoner and John L. Cook, as directors of School District No. 54 of Howard County, Arkansas, entered into a written contract with J. T. Garrison, the plaintiff, by which they did, on behalf of said school district, employ him to teach a common school in said district for a term of six months, commencing on the 4th day of November, 1907, at a salary of $60 per month. On the date specified in the contract for the beginning of the term of school, he offered his services to teach the school in compliance with the contract; but the directors refused to permit him to do so. Thereafter, in July, 1908, he instituted this suit to recover from the said school district the entire amount of the six months' salary, less such sums as he had been able to earn during that time. The defendant made answer, claiming, among other defenses, that the contract was invalid because the two directors who signed the contract were not the sole directors of the district; and that the contract was entered into at a special meeting at which the third director of the district was not present, and of which he had

no notice. Upon the trial, a verdict was returned in favor of plaintiff, from which defendant has appealed to this court.

It appears that Booker Wakley, R. H. Waggoner and John L. Cook had been elected directors of said school district, and that on February 16, 1907, Booker Wakley moved out of the district a mile and a half or two miles to make a crop, and did not move back until about four or five months later. It is contended by plaintiff that by this removal the office of Wakley as director of said district became vacant, and the remaining two directors had a valid right, until this vacancy was filled, to act and contract for said school district. It is necessary first, therefore, to determine under what circumstances the office of a school director becomes vacant by his moving from the district.

Under the policy of our school laws it is deemed best for the interests of the common school districts that they should have the service and counsel of three directors. It is provided that three directors shall be elected to constitute the school board; and, while it is also provided that two of them may transact the business of the school district under certain conditions, it is nevertheless required that due notice in writing must be given to each director of any special meeting called for the transaction of such business.

Our courts have wisely and strictly enforced this requirement, believing it was so provided by the law, and that the educational interests of the school district would be best subserved by giving to each director a full opportunity to attend each meeting of the school board, so that the district should have the advantage of his counsel. And so, by statute, a penalty is inflicted upon any person who shall have been elected director and shall neglect or refuse to qualify and serve; and also upon the director who shall neglect or fail to perform any duty of the office. But the office does not become vacant by mere neglect of or failure to perform these duties. It is true that the incumbent of the office can abandon the office and thus create a vacancy, and such abandonment may occur through resignation or removal from the district. The authorities seem to be in accord in holding that an office cannot be abandoned without the actual intention on the part of the officer to abandon and relinquish the office. The relinquishment of the office must be well defined, and

it is not produced merely by nonuser or neglect of duty. The officer must clearly intend an absolute relinquishment of the office; and a removal from the district, if only temporary, would not evince such intention. The nonuser, or neglect of duty, or removal from the district, in order to amount to a vacation of the office, must be not only total and complete, but of such a continuance as to make it permanent, and under such circumstances so clearly indicating absolute relinquishment as to preclude all future questions of fact. Otherwise there must be a judicial determination of the vacancy of the office before it can be so declared. 29 Cyc. 1405; *Barbour* v. *United States,* 17 Ct. Cl. 149; *State* v. *Allen,* 21 Ind. 516; *Page* v. *Hardin,* 8 B. Monroe, 648; *Attorney General* v. *Maybury,* 141 Mass. 31; 25 Am. & Eng. Enc. Law, 62.

Now, in this case the evidence tended to prove that the director, Booker Wakley, moved out of the district a distance of about a mile and one-half or two miles; but he testified that he did not intend such removal to be permanent; that it was done simply to cultivate a crop at such place, and that it was only temporary; that he still owned property in the district and returned in four or five months; that while out of the district he did not exercise any of the duties of a director or claim to be one. It also appears from the testimony that he did not state to any one that he was not a director, and no election was called to fill any alleged vacancy, and no notice given to the county court of such alleged vacancy. There is no sufficient evidence to prove that this director, Wakley, intended to abandon or relinquish the office. The most that can be said under the evidence is that this director during his absence from the district was guilty of neglect of his duty as director and of a partial nonuser of the office. Because the other directors may have claimed that the office of director Wakley was vacant, or because Wakley so thought, did not make the office vacant. A vacancy in office only exists when there is no person authorized by law to perform the duties of the office. There is such authorized person, as long as the duly elected officer does not remove permanently from the district or has not intentionally and absolutely relinquished the office.

In this connection the court instructed the jury, on behalf

of plaintiff, in substance, that if the jury believed from the evidence that Wakley had moved out of the district and did not at the time act or claim to act as director, and he and the other directors considered the office vacant, then it was not necessary to give him notice of the special meeting at which the contract was made. This was instruction number two given on the part of plaintiff. It left doubtful the question as to whether the removal of Wakley from the district should be temporary or permanent; and, if the removal was not permanent, it entirely ignored the requisite of an intention on the part of Wakley to absolutely relinquish the office before it could become vacant. This instruction was therefore misleading, and its effect was prejudicial. It was therefore erroneous.

If the office of director Wakley was not vacant, then it was necessary to have given him proper notice of the special meeting at which this contract was entered into; and in event this was not done the contract was invalid. *School District* v. *Bennett,* 52 Ark. 511; *Burns* v. *Thompson,* 64 Ark. 489; *Springfield Furniture Co.* v. *School District No. 4,* 67 Ark. 236; *School District* v. *Adams,* 69 Ark. 159.

The court therefore erred in giving said instruction number 2 on behalf of plaintiff. There are several other defenses which were presented by counsel for defendant. But we do not think any of them is well founded.

We are of the opinion that, if there were only two directors of the district, then, under the authority of *Click* v. *Sample,* 73 Ark. 197, those two directors could make a valid contract for the district. We are also of the opinion that under the testimony, if the director Waggoner was not an officer *de jure,* he was an officer *de facto,* and therefore his acts in executing contracts with third persons would be binding on the district. *Swepston* v. *Barton,* 39 Ark. 549; *Pierce* v. *Edington,* 38 Ark. 150; *Click* v. *Sample,* 73 Ark. 194; *Brasch* v. *Western Tie & Timber Co.,* 80 Ark. 425.

And the last contention of defendant that the directors could not enter into a contract which should begin in the future and after the expiration of the term of some of the directors is not tenable. *Gates* v. *School District,* 53 Ark. 468.

It is urged by appellee that the abstract of appellant does not

sufficiently comply with the rules of this court; and that there are certain defects in the authentication of certain parts of the record; but we do not think that any of these contentions is well founded.

For the error in giving said instruction number two on the part of plaintiff, the judgment of the lower court is reversed, and this cause remanded for a new trial.