Webb *v.* State.

Opinion delivered March 19, 1928.

1. ANIMALS—PERMITTING STOCK TO RUN AT LARGE.—Evidence *held* to sustain a conviction of permitting stock to run at large in violation of Sp. Acts 1921, No. 593, § 4, as amended by Sp. Acts 1923, No. 237.

2. CONSTITUTIONAL LAW—LEGISLATIVE POWERS.—The State Constitution is not a grant or enumeration of legislative powers, but is a limitation on the exercise of such powers, and the Legislature can exercise all the powers not expressly or by fair implication forbidden by the Constitution.

3. CONSTITUTIONAL LAW—WHEN STATUTE INVALID.—Courts will not declare an act of the Legislature unconstitutional, unless it clearly appears that some provision of the Constitution has been violated or that the Legislature is prohibited, either expressly or by implication, from enacting the statute.

Appeal from Crawford Circuit Court; *J. O. Kincannon*, Judge; affirmed.

*O. D. Thompson*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

MEHAFFY, J. Appellant, Joe T. Webb, was indicted, charged with permitting stock to run at large in section 23, township 10 north, range 31 west, in Crawford County, Arkansas. The act under which he was indicted is a special act of 1921, prohibiting the running at large of stock in certain territory and fixing the punishment for a violation of said act.

Act No. 467 of the Acts of 1923 amended act 593 of the Acts of 1921, enlarging the restricted territory so as to include the lands mentioned in the indictment. The original act, act 593 of the Acts of 1921, contains the following provision:

"Section 4. If any owner or person having charge of any such stock or fowls allow or permit the same to run at large in said territory, he shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined $10, and for each subsequent offense shall be fined said sum.

and imprisoned in the county jail some period of time, not exceeding 30 days."

This case was tried upon an agreed statement of facts containing the following:

"The defendant, Joe T. Webb, did permit cattle, on the 8th day of March, 1927, to run at large, and outside of an inclosure, within section 23, township 10 north, range 31 west, Crawford County, Arkansas. That the said Joe T. Webb was the owner of said cattle, knowingly permitting them to run at large as aforesaid."

The cause was tried before the court sitting as a jury, and appellant was found guilty and his punishment fixed at a fine of $10.

Appellant filed a motion for a new trial, which was overruled, exceptions saved, and he prosecutes this appeal to reverse said judgment. The appellant filed a demurrer in the court below, and in his argument he discusses two questions only. First, it is insisted that the evidence is insufficient to justify the conviction.

We do not agree with appellant in this contention. The Legislature passed the act creating the district, fixing its boundaries, prohibiting the running at large of stock within said district; and appellant, in the agreed statement of facts, admits that he owned the stock and knowingly permitted them to run at large within said district. If he did this, he violated the act, and the evidence was ample to sustain the conviction.

The next contention is that the court erred in overruling his demurrer to the indictment, because he alleges that the act under which the indictment was drawn is unconstitutional. It is argued that the act of 1921 was a general act, and that in 1923 the Legislature passed a special act amending the general law, and it is contended that the Legislature could not constitutionally do this. In the first place, the original act of 1921 was a special act, and it was amended in 1923 by another special act simply by including additional territory or adding additional territory to the original district. In 1915 the Gen-

eral Assembly enacted a statute providing for stock-law districts to be formed upon vote of the qualified electors of three or four townships in any county. The act provided for the county court ordering an election upon the petition of a certain per cent. of the qualified electors. Under this general act a stock law was formed in Carroll County. In 1919 a special act was passed by the Legislature, exempting one of the townships and the electors and citizens of said township from the provisions and effect of the general act. It was contended that the special act was void. The court said, in passing on the Carroll County case:

"The court also sustained the attack on the ground that it is not within the power of the Legislature to dismember a district created under a valid statute by vote of the electors in accordance with the terms of the statute. The answer to this is that the statute, when put into operation, is a police regulation, and is entirely subject to legislative control. The organization of the district is dependent upon legislative will, and it is entirely within the power of the lawmakers to either repeal or amend the statute, or to abolish the district, or to exclude any territory from it. In other words, the power of the Legislature over the subject is supreme, there being no fixed right in a mere police regulation." *Johnson* v. *Pinckley,* 141 Ark. 612, 217 S. W. 805.

The State Constitution is not a grant or enumeration of legislative powers, but is a limitation upon the exercise of such powers, and the Legislature can exercise all the powers not expressly or by fair implication forbidden by the Constitution. We know of no provision of the Constitution that prohibits the Legislature from creating the district, amending the act, abolishing the district, or making such changes as, in its judgment, are desirable. The Legislature can do anything which is not forbidden, either expressly or by implication. See *Butler* v. *Bd. Dir. Fourche Drain. Dist.,* 99 Ark. 100, 137 S. W.

251; *St. L. I. M. & S. R. Co.* v. *State*, 99 Ark. 1, 136 S. W. 938; *Vance* v. *Austell*, 45 Ark. 400.

Courts will not declare an act of the Legislature unconstitutional unless it clearly appears that some provision of the Constitution has been violated or that the Legislature is prohibited either expressly or by implication from enacting the statute. The Legislature clearly had the right to pass the original act and the right to amend it, as it did in 1923.

The judgment of the circuit court is affirmed.