STATE *v.* HURLOCK.

Opinion delivered May 9, 1932.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellant.

*A. L. Smith,* for appellee.

MEHAFFY, J. Jeff Duty, deputy prosecuting attorney for Benton County, Arkansas, on May 22, 1931, filed with the justice of the peace, F. P. Galbraith, the following information, charging Butler Hurlock, M. C. Morris and John Elrod with misdemeanor: ''The said Butler Hurlock, M. C. Morris and John Elrod, in the said county of Benton, in the State of Arkansas, on or about the 26th day of April, 1931, did unlawfully and wilfully fail and refuse to secure a regular valid license issued by the Arkansas Real Estate Commission authorizing the above-named parties to act as a real estate broker or brokers or real estate salesman or salesmen in the State of Arkansas, and the above-named parties assumed, advertised and did act as such real estate brokers or salesmen without having secured such valid license from the Arkansas Real Estate Commission.''

On July 10 the case against appellees was tried, and the justice of the peace held the law invalid and unconstitutional and discharged the defendants. The deputy prosecuting attorney prayed an appeal to the circuit court, and the appellee, Butler Hurlock, filed a motion in the circuit court to dismiss the action, on the ground that act 148 of the Acts of 1929, as amended by act 142 of the Acts of 1931, is unconstitutional and void for the following reasons:

''(1) Because the acts with which defendant is charged with committing do not constitute a public offense, and

''(2) Because said act is against public policy and void, and

''(3) Because by said act it is attempted to confer the power upon the State of Arkansas, or upon any member of the Real Estate Commission, its secretary, or any citizen of the county holding a license, as authorized by

said act, in the name of the State of Arkansas, to appeal from an adverse decision in a justice court."

The circuit court dismissed the cause on the ground that the act under which appellees were prosecuted was unconstitutional and void, because said act conferred the right of individuals to appeal in behalf of the State.

Appellee's motion was sustained, and the cause dismissed because the law is unconstitutional and void, and the State prayed an appeal, which was by the court granted.

Act 148 of the Acts of 1929 and act 142 of 1931 are found in Castle's Supplement, 1931, §§ 838a to 838l.

Appellee first contends that the acts with which defendant is charged with committing do not constitute a public offense. "A public offense is any act or omission for which the law has prescribed a punishment." Crawford & Moses' Digest, § 2294.

The act provides that a person violating it shall, upon conviction, be deemed guilty of a misdemeanor, and shall be punished by a fine of not less than $25 and not more than $500, or by imprisonment for a term not to exceed six months, or by both such fine and imprisonment in the discretion of the court.

The statute, after defining felony, provides all other public offenses are misdemeanors. Crawford & Moses' Digest, § 2297.

It therefore clearly appears that the acts charged constitute a public offense, as defined by the statute.

The presumption is that an act passed by the Legislature is constitutional, and it must be so held by the courts unless it appears to be in conflict with some constitutional provision.

A statute will not be held to be invalid unless it is either expressly or impliedly forbidden by the Constitution. *Bush* v. *Martineau,* 174 Ark. 314, 295 S. W. 9; *Ark. Rd. Commission* v. *Casteter,* 180 Ark. 770, 22 S. W. (2d) 993; *Dabbs* v. *State,* 39 Ark. 353; *Moore* v. *Alexander,* 85 Ark. 171, 107 S. W. 395; *Webb* v. *State,* 176 Ark. 722, 3

S. W. (2d) 1000; *Hargraves* v. *Solomon,* 178 Ark. 11, 9 S. W. (2d) 797.

In discussing the police power of the State and the right of the Legislature to enact laws thereunder, this court said: ''In the exercise of this power, the States have always regulated certain kinds of business, and absolutely prohibited others. The power to prohibit any business which is dangerous to public safety, health, or morals, has never been denied, and the power to regulate any business in which the public is interested is also sustained.'' *Williams* v. *State,* 85 Ark. 464, 108 S. W. 838, 26 L. R. A. (N. S.) 482, 122 Am. St. Rep. 47; *Little Rock* v. *Barton,* 33 Ark. 436.

It is true that the police power can only be exercised to suppress, restrain, or regulate the liberty of individual action, when such action is injurious to the public welfare.

If an act of the Legislature is neither expressly nor impliedly prohibited by some provision of the Constitution, a court cannot declare it invalid. An act cannot be held void because, in the opinion of the court, it might violate the best public policy. As to whether a law is good or bad law, wise or unwise, is a question for the Legislature, and not for the courts. Lewis' Sutherland Stat. Const., vol. 1, p. 136.

The act expressly provides for an appeal from an adverse decision from a justice of the peace. It is contended, however, that, under § 3381 of Crawford & Moses' Digest, the State cannot appeal from judgments of the justice court.

If this act did not provide for an appeal, and there was no other statute enacted subsequent to the enactment of § 3381, appellant's contention would be correct, but there is nothing in the Constitution prohibiting the Legislature from authorizing the State to appeal from a judgment of the justice court, and the statute under consideration expressly authorizes an appeal.

The Constitution provides that appeals may be taken from the final judgments of the justice of the peace

to the circuit court under such regulations as are now, or may be provided by law. Section 42, art. 7, Constitution of Arkansas. This section gives the Legislature the right to regulate the manner of taking appeals from the judgments of justices of the peace, and the Legislature can provide any manner of taking such appeals that to it may seem proper.

Section 12 of act 148 provides that, if any section, sentence, clause, phrase, or requirement of this act is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions thereof.

This court has frequently held that, when a statute is unconstitutional in part, the valid portion of an act will be sustained if complete in itself, and capable of being executed in accordance with the apparent legislative intent. *Alexander* v. *Stuckey,* 159 Ark. 692, 253 S. W. 9; *Davies* v. *Hot Springs,* 141 Ark. 521, 217 S. W. 769.

There are many other cases that might be cited to the same effect. In the act here under consideration, the act is capable of being executed in accordance with the legislative intent without the section conferring upon individuals the right of appeal. Although the Constitution authorizes the Legislature to provide for appeals from the justice court, it is not necessary to decide whether they might give an individual the right to appeal in this case, because the appeal was actually taken by the prosecuting attorney.

Many authorities are cited by counsel, but most of these authorities have been referred to and reviewed in the cases above cited, and it would serve no useful purpose to review those cases again.

Our conclusion is that the act under which this prosecution was begun is a valid act, and the judgment of the circuit court is reversed, and the cause remanded for a new trial.