STATE *v.* GREEN AND ROCK.

4326                                    175 S. W. 2d 575

Opinion delivered November 22, 1943.

362

*Guy E. Williams,* Attorney General, and *Cleveland Holland* and *Earl N. Williams,* Assistant Attorneys General, for appellant.

*A. B. Shafer,* for appellee.

*Joe C. Barrett, amicus curiae.*

KNOX, J. The primary question to be determined here is whether certain provisions of act No. 290 of the General Assembly of 1943 conflict with provisions of the Constitution relating to the selection, designation and qualification of special judges.

The act in question was approved March 23, 1943, and is entitled "An Act to Provide for Emergency Judges." Section 1 of the act provides that an emergency circuit judge is created for each of the judicial districts of the state. Section 2 provides that when any regular judge shall enter active duty in the armed forces of the United States he shall certify the fact to the Governor, who shall thereupon appoint and commission an emergency judge to serve within the district

during the time the regular judge is on active duty with the armed forces of the United States, or until the next regular election. The section further provides that when a regular judge is discharged from the armed forces of the United States he shall certify such fact to the Governor and thereupon the term of the emergency judge shall cease, and the powers and duties of the office shall revert to the regular judge. Section 3 of the act provides that the entry of a regular judge into the armed forces of the United States shall not have the effect of vacating his office, but during such time he shall not be entitled to receive his salary. Such section also provides that in the event a regular judge shall be killed on the field of battle or shall die or be reported missing for 12 months or unheard from for such period, so that his whereabouts is unknown, his office shall become vacant upon proclamation of the Governor, and such vacancy shall be filled in the manner provided by law for filling vacancies. The emergency clause is contained in § 4 of the act.

On June 21, 1943, the Honorable Neil Killough, the regularly elected, qualified and acting circuit judge for the Second Judicial District of Arkansas, Second Division, certified to the Governor, according to the terms of said act 290, that he had entered upon active service in the armed forces of the United States, and on the 25th day of June, 1943, the Governor, acting under the provisions of said act 290, appointed the Honorable Walter N. Killough, emergency judge for said Second Judicial District of Arkansas. Acting in his capacity as emergency judge the said Walter N. Killough heard the separate petitions of Jack Green and Jesse Rock for writs of *habeas corpus,* and admitted each of them to bail. This appeal questions the validity of the appointment of Walter N. Killough and his authority to hear and grant petitions for writs of *habeas corpus.*

The Attorney General and counsel appearing *amici curiae,* who urge that this act is unconstitutional, argue that § 1 of Amendment 29 to the Constitution, and § 21 of art. VII of the Constitution cover the entire field and

provide the manner of filling vacancies and, also, selection of special judges in cases of temporary absence of the regular judge, and that, since the matter is fully covered by the Constitution itself, it follows that the Legislature is prohibited from providing any other methods for filling vacancies or selection of special judges. Counsel who appear in support of the validity of the act rely upon the rule often announced by this court that a state Constitution is not a grant but a limitation on legislative power, so that the Legislature can exercise all the powers which are not prohibited by the Constitution.

Our reports are replete with decisions announcing that our state Constitution is not a grant or enumeration of legislative powers, but is only a limitation upon such powers, and that the Legislature can exercise such powers as are not prohibited by the Constitution. *Butler* v. *Board of Directors of Fourche Drainage District,* 99 Ark. 100, 137 S. W. 251; *Bush* v. *Martineau,* 174 Ark. 214, 295 S. W. 9; *Webb* v. *State,* 176 Ark. 722, 3 S. W. 2d 1000; *Newton* v. *Edwards,* 203 Ark. 18, 155 S. W. 2d 591. Our cases, however, all recognize the rule that it is not necessary that the limitation, restriction or prohibition appear in express language, it having been often declared that such prohibition, limitation or restriction upon the legislative power may be implied as well as expressed. *Webb* v. *State, supra; Butler* v. *Fourche Drainage District, supra; Newton* v. *Edwards, supra.* In 11 American Jurisprudence, at p. 666, the following statement appears:

"Since Constitutions must of necessity be general rather than detailed and prolix, many of the essentials with which they treat are impliedly controlled or dealt with by them, and implications play a very important role in constitutional construction. The rule is established beyond cavil that in construing the Constitution of the United States, what is implied is as much a part of the instrument as what is expressed. The rule is equally applicable to the construction of state Constitutions. The intent of a Constitution may be shown by the

implications, as well as by the words of express provisions.

"The fact that some degree of implication must be given to words is a proposition of universal adoption; implication is only another term for meaning and intention apparent in the writing on judicial inspection. Thus, a court in construing a provision of the Constitution may imply a negative from affirmative words where the implication promotes, but not where it defeats, the intention."

Again at page 667 of the same work the following language is found: "In construing a Constitution, resort may be had to the well-recognized rule of construction contained in the maxim '*expressio unius est exclusio alterius*,' and the expression of one thing in a Constitution may necessarily involve the exclusion of other things not expressed. The rule has been variously applied. For example, where the means for the exercise of a granted power are given in a Constitution, no other different means can be implied as being more effectual or convenient, for where a power is expressly given by the Constitution and the mode of its exercise is prescribed, such mode is exclusive of all others. This general rule is subject to the limitation that like all other mere rules of construction applied to ambiguous words, it must yield to proof of surrounding facts and circumstances which satisfactorily demonstrates that the meaning intended by the parties was different."

Section 1 of Amendment 29 to the Constitution provides the manner of filling vacancies which may occur in certain offices, including the office of circuit judge. It is there provided that the Governor shall fill such vacancy by appointment. The words "vacancies in the office of" as there used refers to offices which on account of death, resignation, removal or abandonment of the previous holder thereof, or for some other cause, have in fact no incumbent. The amendment was intended to apply in cases where there was in fact a permanent vacancy in the office, and not in those cases where the

incumbent was temporarily absent, disqualified or incapacitated.

It is argued that by joining the armed forces of the United States and leaving the state of Arkansas the regular judge thereby created a vacancy in the office of circuit judge, and that it became the duty of the Governor to appoint a successor in accordance with the provisions of Amendment No. 29. It is urged that the action of the regular judge amounted to an abandonment of his office, and brought about a vacancy therein.

Under certain conditions a public office may become vacant by reason of the abandonment thereof on the part of the incumbent. In such cases, however, it is necessary to show that the incumbent has manifested a clear intention to abandon the office and its duties, although such intention may be inferred from conduct. The action of the officer in leaving the state, or the territorial jurisdiction of his office, under some circumstances may show abandonment on the part of such incumbent, but temporary absence is not ordinarily sufficient to constitute an abandonment of office. 43 American Jurisprudence, 26 and 27.

In the case of *School District No. 54* v. *Garrison*, 90 Ark. 335, 119 S. W. 275, it was held that an office cannot be abandoned without the intention by the officer to relinquish the same.

It is clear from this record that it was not the intention of the regular judge to relinquish his office.

Section 3 of act 290, the act under consideration, specifically provides that where a circuit judge enters the armed forces of the United States no vacancy shall thereby occur in such office. The constitutionality of that section of the act is not brought into question here. We perceive no good reason why the General Assembly could not declare the law and policy of the state to be that absences of public officers from their posts occasioned by reason of the services of such officers with the armed forces of the United States would create no vacancy in such office.

We hold that the regular judge has not abandoned his office, and that no vacancy exists therein.

Section 21 of art. VII of the Constitution reads as follows: ''Whenever the office of judge of the circuit court of any county is vacant at the commencement of a term of such court, or the judge of said court shall fail to attend, the regular practicing attorneys in attendance on said court may meet at 10 o'clock a. m. on the second day of the term, and elect a judge to preside at such court, or until the regular judge shall appear; and if the judge of said court shall become sick or die or unable to continue to hold such court after its term shall have commenced, or shall for any cause be disqualified from presiding at the trial of any cause then pending therein, then the regular practicing attorneys in attendance on said court may in like manner, on notice from the judge or clerk of said court, elect a judge to preside at such court or to try said causes, and the attorney so elected shall have the same power and authority in said court as the regular judge would have had if present and presiding; but this authority shall cease at the close of the term at which the election shall be made. The proceeding shall be entered at large upon the record. The special judge shall be learned in law and a resident of the state.''

Where a vacancy exists at the commencement of the term, a special judge may be selected to preside during the term or until the vacancy is filled, but the choosing of such special judge does not constitute the filling of the vacancy. *State* v. *Stevenson*, 89 Ark. 31, 116 S. W. 202.

The section of the Constitution above quoted appears to apply in all cases where ''the judge of said court shall fail to attend'' regardless of the cause of or excuse for his absence. The fact that his absence is occasioned by the fact that he is serving with the armed forces of the United States furnishes no reason why the constitutional provision should not apply in like manner as if his absence was occasioned by the fact that he is ill or that he

is away from the state or the territorial jurisdiction of the court, or that he is unavoidably detained, or on account of any other reason. In all cases where "the judge of said court shall fail to attend" upon said court this section of the Constitution applies.

It appears to us that if a regularly elected circuit judge should fail to occupy his office and discharge the duties thereof, his absence would of necessity be occasioned by circumstances which would either constitute a vacancy in the office, requiring the Government to fill the same in accordance with § 1 of Amendment No. 29 or else which would constitute a temporary absence on the part of such judge which would require the election of a special judge in accordance with the provisions of § 21 of art. VII of the Constitution. Since the Constitution itself specifically provides the method for filling the office, either permanently or temporarily, as the circumstances require, and thus has covered the entire field, there is an implied limitation or restriction upon the General Assembly which prohibits it from enacting legislation with respect to such matters, and it, therefore, follows that §§ 1 and 2 of said act 290 of the Acts of 1943 are invalid.

We conclude that the judge granting the writ was not a judge *de jure* by virtue of his appointment under the authority of the act, and this is the only question we are asked to decide. The writs of *habeas corpus* in this case are quashed.

SMITH and McHANEY, JJ., dissent.