Mr. James D. Gingerich Director, Administrative Office of the Courts Justice Building 625 Marshall Little Rock, AR 72201-1068
Dear Mr. Gingerich:
This is in response to your request for an opinion regarding a vacancy on the Arkansas Court of Appeals. You note that the position became vacant in 1990, and that the term of the Governor's appointee expires December 31, 1992. The original term expires December 31, 1996. The question has been raised whether Amendment 58 to the Arkansas Constitution overrides Article 7 and Amendment 29, such that the term of the judge who is elected to this position in the November general election extends for a period of eight years from January 1, 1993.
It is my opinion that Amendment 29 to the Arkansas Constitution governs the filling of this vacancy. The term of the judge who is elected to this position in November will therefore expire December 31, 1996.
Section 1 of Amendment 29 states that "[v]acancies in the office of United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment of the Governor." It seems clear that this language embraces the members of the Court of Appeals who are elected from judicial districts in the state. See A.C.A. §§ 16-12-101 (1987) and16-12-102 (Cum. Supp. 1991).[1] Amendment 58, which authorized the creation of the Court of Appeals, states as follows:
 The General Assembly is hereby empowered to create and establish a Court of Appeals and divisions thereof. The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine, and shall be subject to the general superintending control of the Supreme Court. Judges of the Court of Appeals shall have the same qualifications as justices of the Supreme Court and shall be elected in the manner provided by law.
It is a well-established rule of construction that constitutional provisions must be harmonized, if possible. Carter v. Cain,179 Ark. 79, 14 S.W.2d 250 (1929); Ferrell v. Keel, 105 Ark. 380,151 S.W. 269 (1912). The court in Ferrell expressed the rule as follows with regard to constitutional amendments:
 `No interpretation should be allowed which would conflict with any other provision of the Constitution, or which is not absolutely necessary in order to give effect to the proposed amendment. On the contrary, such construction should be given as will, if possible, leave all the other provisions in the Constitution unimpaired and in full force.' [Citation omitted.]
A later amendment will, of course, prevail in the event of a conflict (Wright v. Storey, 298 Ark. 508, 769 S.W.2d 16
(1989)); but in this instance, the amendments can, in my opinion, be construed together as regards the filling of vacancies. Amendment 29 is addressed specifically to the filling of vacancies in the stated elective offices. Amendment 58 focuses on the creation of the Court of Appeals, its jurisdiction, and the qualifications and selection of its judges. The statement that the judges ". . . shall be selected in the manner provided by law" should not, in my opinion, be construed as being in conflict with Amendment 29. Rather, it should be recognized that Amendment 58 governs the selection of judges for full terms, and does not address the filling of vacancies, where the successor serves for the remainder of the term. Indeed, this interpretation is reflected in the legislation creating the Court of Appeals, wherein it states, with regard to the selection of judges, that "[a]ll judges of the Court of Appeals shall be elected for full eight-year terms." A.C.A. § 16-12-102 (Cum. Supp. 1991). This provision does not, in my opinion, purport to address the filling of vacancies.
A contrary interpretation would be premised upon a conflict between Amendment 58 and Amendment 29. These provisions can, however, as noted above, be harmonized and each given full effect. In conclusion, therefore, it is my opinion that the provisions of Amendment 29 apply to vacancies occurring on the Arkansas Court of Appeals.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Publisher's Notes to Amend. 29, § 1, state that this section "may supersede Const., Art. 7, § 50, with respect to judicial officers other than municipal court officers. . . ." This appears to be implicit in the Arkansas Supreme Court's ruling in State v. Green Rock, 206 Ark. 316, 175 S.W.2d 575
(1943), that a vacancy in the office of an elected circuit judge is filled in accordance with Amend. 29.