The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
I am writing in response to your request for my opinion on the following questions raised by Newton County District Judge Peter DeStefano concerning his interest in applying for what he reports is the currently open position of District Judge for Boone County:
 1. Would he have to resign his Newton County judgeship in order to serve in Boone County, or could he continue to serve both counties as he has in the past?
 2. In lieu of appointing a new Boone County District Judge, could the Governor appoint him to continue to serve Boone County Judge on Exchange until the next election is held?
 3. If appointed, would he have to switch his voter registration from Newton County to Boone County?
 4. If appointed, would he be able to run for the same position in the next election?
Judge DeStefano reports the following regarding his past service:
 I have served as Municipal Judge (now District Judge) for Newton County since first elected in 1990, having been re-elected in 1994 and 1998. I have also served as Judge on Exchange for Boone County since 1991, covering for Judge Crawford and for Judge Don West before him, when they were on vacation or had conflicts or were otherwise unavailable. In addition, I have served as Judge on Exchange in Searcy and Marion Counties.
RESPONSE
With respect to your first question, I believe Judge DeStefano could "continue to serve both counties as he has in the past" — i.e., as district judge for Newton County and as judge-on-exchange for Boone County. Ark. Const. amend. 80, § 7(E). However, I believe he would be precluded pursuant to Ark. Const. amend. 80, § 16(F) from serving as the presiding district judge in both jurisdictions. Accordingly, I believe he would need to resign his judgeship in Newton County in order to serve as presiding district judge in Boone County. With respect to your second question, I do not believe the governor is authorized under any circumstances to appoint a judge-on-exchange, much less to do so in lieu of filling a vacancy pursuant to the established procedure set forth at Ark. Const. amends. 29 and 80. With respect to your third question, assuming Judge DeStefano resigned his position as Newton County District Judge, I believe he would qualify for appointment as Boone County District Judge without first switching his domicile and voter registration to Boone County only if no qualified candidate for district judge resided in Boone County. See Ark. Const. amend. 80, § 16(D). Finally, in response to your fourth question, if Judge DeStefano were appointed Boone County District Judge, I do not believe he would be authorized to run for the same position in the next election. See Ark. Const. amends. 29, § 2 and 80; Act 1693 of 2001, and Ark. Op. Att'y Gen. No. 2001-259.
Question 1: Would he have to resign his Newton County judgeship in orderto serve in Boone County, or could he continue to serve both counties ashe has in the past?
I assume Judge Stefano's past service as an exchange judge was undertaken pursuant to A.C.A. § 16-17-102 (Repl. 1999), which provides in pertinent part:
 (a) Municipal judges of their respective city and county districts of this state may, by agreement, temporarily exchange district jurisdiction with each other in their respective city and county districts. They may hold court for each other for such length of time as may seem practicable and for the best interest of their respective jurisdictional districts and courts. It is the expressed intent and purpose of this section to permit any municipal judge of any city or county to exchange jurisdictional authority or geographical districts, or both, with any other municipal judge within this state and for those judges to hold court for each other. The agreement shall be signed by the judges so agreeing, and the agreement shall be entered on the record of the court or courts so to be held.
 (b) Municipal judges exchanging jurisdictional authority or districts shall have the same power or authority, holding courts for each other, as the municipal judge for the city, county, or geographical district in which the court or courts shall be held.
As Judge DeStefano acknowledges in his request, municipal courts are now denominated "district courts" pursuant to Ark. Const. amend. 80, which reorganized the court system in Arkansas. With respect to the issue of exchanging jurisdictional authority, Ark. Const. amend. 80, § 7(E) provides:
 District Judges may temporarily exchange districts by joint order. Any District Judge who consents may be assigned to another district for temporary service under rules adopted by the Supreme Court.
As phrased, Judge Stefano's question is simply whether he can continue to serve as an exchange judge without resigning his permanent judgeship. In light of the constitutional provision just quoted, I believe the answer to this question is clearly "yes."
However, it appears from the background Judge Stefano recites that he wishes not merely to serve as an exchange judge for a sitting judge, as he has in the past, but rather to fill the now vacant position of Boone County District Judge while continuing his service as Newton County District Judge. In my opinion, he would be precluded from doing so by the operation of Ark. Const. amend. 80, § 16(F), which provides:
 Circuit, District, and Appellate Court Judges and Justices shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this state or the United States, except as authorized by law.
To date, the legislature has not elected to authorize a district court judge permanently to serve in that capacity in more than one district.But see A.C.A. § 16-17-101 (authorizing a municipal judge to serve two cities within a particular county upon the approval of the voters in each city). Accordingly, I believe Ark. Const. amend. 80, § 16(F) precludes Judge DeStefano's proposed dual service. In my opinion, he would need to resign his Newton County judgeship in order to serve as Boone County District Judge.
Question 2: In lieu of appointing a new Boone County District Judge,could the Governor appoint him to continue to serve Boone County as Judgeon Exchange until the next election is held?
In my opinion, the answer to this question is "no." As reflected in my response to your previous question, Ark. Const. amend. 80, § 7(E) provides for service as a judge on exchange only by mutual order of the two courts affected or, with consent, under rules adopted by the Supreme Court. Neither Amendment 80 nor any other provision of law envisions that the governor can appoint a judge on exchange.
The conclusion just stated is not to deny that the governor has the authority pursuant to Ark. Const. amend. 29 to appoint individuals to fill vacancies in elective offices. See attached Ark. Op. Att'y Gen. No.2001-259 (opining that Amendment 80 and Act 1693 of 2001 authorize the governor to fill any vacancy in the office of district judge pursuant to Amendment 29). However, by its very terms, the concept of "exchange" is inconsistent with the concept of a vacancy, since the term "exchange" necessarily implies the existence of two parties — viz., two sitting judges who by mutual order have agreed to the exchange.
Moreover, under the circumstances you have recited, I do not believe the governor would be authorized to appoint Judge DeStefano the equivalent of a judge on exchange pursuant to the following provisions of Ark. Const. amend. 80, § 13:
 (C) If a Circuit or District Judge is disqualified or temporarily unable to serve, or if the Chief Justice shall determine there is other need for a Special Judge to be temporarily appointed, a Special Judge may be assigned by the Chief Justice or elected by the bar of that Court, under rules prescribed by the Supreme Court, to serve during the period of temporary disqualification, absence or need.
 (D) In naming Special Justices and Judges, the Governor or the Chief Justice may commission, with their consent, retired Justice or Judges, active Circuit or District Judges, or licensed attorneys.
These constitutional provisions clearly authorize only provisional appointments in the event of disqualification in a particular case or temporary inability to serve. I do not believe they authorize an appointment to fill a vacancy. See State v. Green Rock, 206 Ark. 361,175 S.W.2d 575 (1943) (Amendment 29 applies to appointments to fill permanent vacancies). Furthermore, notwithstanding the fact that subsection (D) authorizes the governor to commission past or present judges, as well as licensed attorneys, to serve as special justices or judges on the appellate courts, subsection (C) locates the power of appointment in any particular trial-court case only in the Chief Justice or the bar of the court at issue.
In short, then, assuming the position of Boone County District Judge is vacant, I believe the governor could appoint as successor to fill that vacancy an otherwise qualified individual who does not hold "any other office of trust or profit." Ark. Const. amend. 80, § 16(F). However, I do not believe the governor could appoint Judge DeStefano to fill that vacancy as a judge on exchange.
Question 3: If appointed, would he have to switch his voter registrationfrom Newton County to Boone County?
Assuming Judge DeStefano resigned his position as Newton County District Judge, I believe he would qualify for appointment as Boone County District Judge under two conditions: (1) if he switched his domicile and voter registration from Newton County to Boone County; or (2) if no qualified candidate for Boone County District Judge were available in Boone County. I base this opinion on Ark. Const. amend. 80, § 16(D), which provides:
 All Justices and Judges shall be qualified electors within the geographical area from which they are chosen, and Circuit and District Judges shall reside within that geographical area at the time of election and during their period of service. A geographical area may include a county contiguous to the county to be served when there are no qualified candidates available in the county to be served.
This passage provides that the district judge of a particular county must be a "qualified elector" either of that county or, if no qualified candidate is "available" in the county, of a contiguous county.[1] In order to register to vote in a particular county, one must be a resident of that county — i.e., one must maintain one's domicile in that county.See A.C.A. § 7-5-201 (conditioning voter registration on residence);Valley v. Bogard, 342 Ark. 336, 345, 28 S.W.3d 269 (2000), citingCharisse v. Eldred, 252 Ark. 101, 102-03, 477 S.W.2d 480, 480 (1972) (equating "residence" with "domicile" in determining the qualifications of a public official). With respect to the first of the constitutional alternatives set forth above, it follows that Judge DeStefano would not be eligible to serve as Boone County District Judge without being domiciled and registered to vote in that county. With respect to the second alternative, although the reference to an "available" qualified candidate is somewhat vague, logic suggests that it refers to a qualified domiciliary of the county who declares for the position. Only if no such individual declares his or her candidacy could Judge DeStefano qualify for appointment without first switching his domicile and voter registration to Boone County.[2] Moreover, as previously noted, Judge DeStefano would not be eligible under either alternative unless he first resigned his position as Newton County District Judge.
Question 4: If appointed, would he be able to run for the same positionin the next election?
In my opinion, for reasons set forth in the attached Ark. Op. Att'y Gen. No. 2001-259, the answer to this question is "no." As I explained in my recent opinion, since the adoption of Amendment 80 and the enactment of Act 1693 of 2001, the filling of district judge vacancies is controlled by Amendment 29, which contains an express provision against appointees succeeding themselves in office. Ark. Const. amend. 29, § 2.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Newton and Boone Counties are indeed contiguous.
[2] In my opinion, § 16(D) of Amendment 80 must be read both as qualifying the earlier and more general Ark. Const. art. 19, § 3, which provides that "[n]o persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector," and as superseding A.C.A. § 16-17-103, which provides that "[t]he judge of a municipal court elected to that office by county-wide vote need not be a resident of the city, but he must be a resident of the county in which the court sits."