It is true that *Norton* involved a mother and son, which is not the case here. However, the evidence does make clear that Arnold had the utmost confidence and trust in his stepson, and that appellee was the dominant party in carrying out the transactions. This trust and confidence, coupled with appellant's age and evident ignorance of legal matters, brings the case within the holding heretofore cited, and entitles appellant to the relief sought.

Under the views herein expressed, Lot 3, Block 53, Park Hill Addition to the City of North Little Rock, Arkansas, should be restored to appellant, and the deed to this property from Arnold to Anders, should be cancelled, set aside and held for naught; Lot 12, Block 4, Wildberger's Addition to the City of North Little Rock, Arkansas, should be restored to appellee, and the deed from Anders to Arnold should be cancelled, set aside, and held for naught. The judgment for $2,000.00 in favor of Arnold against Anders is affirmed, and the cause is remanded, with directions to enter a decree not inconsistent with this opinion.

BEAN, JUDGE *v.* ROBERTS, JUDGE

5-3863

397 S. W. 2d 784

Opinion delivered January 10, 1966

10

*Pro Se,* for appellant.

*Pro Se,* for appellee.

ROBERTS, JUDGE *v.* BROWN

5-3865

Opinion delivered January 10, 1966.

*Pro Se,* for appellant.

*Pro Se,* for appellee.

ED. F. MCFADDIN, Justice. These are two friendly suits to have this Court determine the meaning and effect of Act No. 96 of 1965 insofar as the Act relates to the situation confronting the litigants. These two cases (Nos. 3865 and 3863) were submitted to this Court on Monday, December 13, 1965, and memorandum briefs were furnished thereafter; and on Monday, December 20, 1965, we issued a *per curiam* which read:

"In No. 5-3863, Bean, Judge v. Roberts, Judge, the petition for prohibition is denied.

"In No. 5-3865, Roberts, Judge v. Brown *et al.,* the petition for writ of *certiorari* is granted and the restraining order vacated and set aside.

"An opinion will be subsequently delivered in these cases, but this *per curiam* is effective immediately."

This, now, is the Opinion mentioned in the *per curiam.*

The Fifth Judicial Circuit is composed of the Counties of Conway, Faulkner, Johnson, Pope, and Yell. (See Act No. 31 of 1889, as amended by Act No. 146 of