WIRGES *v.* ROBERTS, JUDGE

5-3883                                           398 S. W. 2d 518

Opinion delivered January 31, 1966

*Tom Eisele,* for petitioner.

*Bruce Bennett,* Attorney General, *Jack Lessenberry,* Asst. Atty. Gen., for respondent.

ED. F. MCFADDIN, Justice. This is an attack on the constitutionality of Act 96 of the 1965 Legislature, by which law there was created for a limited time the Second Division of the Circuit Court in the Fifth Judicial District. The same Act was before us in the recent case of *Bean* v. *Roberts,* 240 Ark. 9, 397 S. W. 2d 784.

The present case was filed in this Court by petitioners, Wirges *et al.,* as a petition for prohibition. Petitioners alleged: that they are defendants in certain criminal cases pending in the Circuit Court of Conway County; that Hon. Russell Roberts, acting as Judge of the Second Division of Circuit Court in Conway County, is about to call these petitioners to trial on the pending criminal charges; that in a hearing before Judge Roberts the petitioners challenged the existence and jurisdiction of the so-called Second Division of Circuit Court in Conway County; that said challenges were all denied and the cases set for trial; and that petitioners will be compelled to stand trial unless the Supreme Court should issue a writ of prohibition. The petition was filed in this Court on January 6, 1966, and was promptly heard. The filing of briefs was completed on January 19, and on January 24 we announced our

decision denying prohibition. This Opinion gives the reasons for such decision.

We bypass entirely any and all questions as to whether the proper way to challenge the validity of the Act 96 is by prohibition, *quo warranto,* or other proceeding. The question now presented is so important to the due administration of justice that we consider the issue on its merits, regardless of procedural vehicles. The question is: "Is Act 96 of 1965 valid?"

The principal point used for the attack on the Act 96 is because of the language found in Sections 2 and 7 of the Act, which read:

"Section 2. Hereafter there shall be an additional judge of the Fifth Judicial Circuit who shall be appointed by the Governor and shall hold office until December 31, 1966.

"Section 7. It is the intention of the General Assembly that the Second Division of the Fifth Judicial Circuit provided for herein, shall be temporary only and shall cease to exist on December 31, 1966."

Petitioners say in their brief:

"Section 17 of Article VII [of the Arkansas Constitution] provides that judges of the Circuit Court shall be elected, and also provides that the term of office shall be four years. Act 96 establishes a Circuit Court which can in no event have a term in excess of one year, ten months, and five days.... A legislative act may not, under Article VII, Section 17 [of the Constitution] either create a condition whereby circuit judges can be chosen other than by election, or create circuit courts with terms of office which are other than four years .... Before discussing the law it is essential that we understand the effect which would result if Act 96 were held

to be constitutional. Clearly it could, for practical purposes, be used to do away with the election of all circuit judges. Elected circuit courts could be abolished by legislative act when existing terms expire. Thereafter, the Legislature could set up any number of 'temporary' courts or divisions which would be filled by gubernatorial appointment. The office would expire without the intervention of any election by the people.''

We are thus asked to hold the Act 96 to be void because the Second Division of the Fifth Judicial Circuit was created for only one year, ten months, and five days; and petitioners say that this creation of a temporary division might be used by the Legislature to entirely avoid the election of all circuit judges by the people. We see no merit in this argument. It is admitted that the Legislature could have created a permanent Second Division of the Fifth Judicial Circuit and that such legislation would have been valid.[1] Certainly if a second division could be created *permanently*, it could be created *temporarily*. If the Legislature had created a permanent Second Division of the Fifth Judicial Circuit, then the Governor, acting under Amendment No. 29, could have filled the vacancy until the next General Election (*Pope* v. *Pope,* 213 Ark. 321, 210 S. W. 2d 319); and, in such event, the appointee would have served until December 31, 1966, just as the appointee of the Second Division of the Fifth Judicial Circuit is now doing under Act 96. If the Legislature had created a temporary division of the Fifth Judicial

---

[1]Such has been done in numerous instances. Act No. 7 of 1895 (Ark. Stat. Ann. § 22-326 [Repl. 1962]) provided for a second judge of the Sixth Circuit; and Act No. 64 of 1913 (Ark. Stat. Ann. § 22-326.1 [Repl. 1962]) provided for a third judge in the Sixth Circuit. Act No. 3 of 1927 provided for an additional judge in the Thirteenth Circuit (Ark. Stat. Ann. § 22-333 [Repl. 1962]); Act No. 42 of 1947 (Ark. Stat. Ann. § 22-412 [Repl. 1962]) provided for a second division in the Chancery Court in the First Chancery District; and the creation of such second division was held valid in *Pope* v. *Pope,* 213 Ark. 321, 210 S. W. 2d 319. See also Act No. 30 of 1949 (Ark. Stat. Ann. § 22-417.1 [Repl. 1962]).

Circuit to exist for longer than December 31, 1966, then, of course, the office of Circuit Judge of the Second Division would have been filled by election of the people at the General Election in 1966; but until December 31, 1966, the appointee of the Governor would, at all events, have held the office.

Petitioners cite *State* v. *Green et al.*, 206 Ark. 361, 175 S. W. 2d 575, as being an instance wherein this Court held unconstitutional a legislative enactment attempting to create a judgeship. But that case affords the petitioners no support. In *State* v. *Green* this Court held Sections 1 and 2 of Act 290 of 1943 to be void.[2] This Court held that the office of regular Circuit Judge was not vacant; that the regular Circuit Judge was merely absent; that Section 21 of Article VII of the Constitution prescribed the method of electing a special Judge when the regular Judge was *absent*; and that Sections 2 and 7 of Act 290 of 1943 attempting to create a special Judge were void because they violated the said Section 21 of Article VII of the Constitution. That case has no direct bearing on the issues in the case at bar. Here, the question is not the validity of the appointment of Judge Roberts, but the validity of the Act which created the Second Division of the Fifth Judicial Circuit; and, as we have previously shown, Second Divisions have been created in Circuit Courts and Chancery Courts in this State for many, many years.

In effect, what the petitioners are asking us to do is to presume that by Act 96 the Legislature was seeking to evade the constitutional right of people to elect circuit judges, as provided by Section 17 of Article VII;

[2]The case came before the Court on appeal by the State from an order allowing Green and Rock to have *habeas corpus*. It is self evident from the Opinion that the Supreme Court was not concerned with procedural questions, else it could easily have held that the court was *de jure* and the person presiding over the court was *de facto*, just as we held in *Pope* v. *Pope, supra*. Rather, the case was a vehicle to carry to the Court for determination the validity of Act 290 of 1943, which created the office of emergency Judge while the regularly elected Judge was in the military service.

and the petitioners indulge the supposition that the 1967 Legislature will again create another temporary Second Division in the Fifth Judicial Circuit and thus the people will be denied the right of electing the Judge of the Second Division of the Fifth Judicial Circuit. We cannot presume that the Legislature has acted, or will act, other than in good faith. Certainly, until some such subsequent legislative enactment as presupposed by the petitioners, should be adopted, no real case is presented. In short, suppositions as to future legislation cannot be used now to make suspect the legislative enactment before us.

The petitioners also seek to attack the Act No. 96 insofar as concerns the two divisions of Circuit Court in Yell County. But the situation in Yell County does not concern these petitioners. They are to be tried in Conway County.

We have carefully considered all the other arguments advanced by the petitioners and find none to possess merit. The petition for writ of prohibition is denied.